ANDERSON *et al. v.* HOLDEN, receiver, *et al.*

ATKINSON, J. 1. The Court of Appeals certified the following question to the Supreme Court for decision, as necessary to a proper determination of the case: " Is this suit one by and in favor of the creditors of the insolvent Bank of Mineral Bluff, or is it a suit properly brought by the receiver of the said defunct bank, in view of the following allegations of the petition as originally drawn?: 'The petition of J. F. Holden as receiver of the Bank of Mineral Bluff as plaintiff, against John D. Walker of the County of Hancock, John W. Anderson, H. M. McHan, James B. Dickey, A. J. Bell, R. T. Hampton, H. L. Greenway, W. W. Craig, and R. T. Hampton of Fannin County, and M. V. Lance of Union County, all of the State of Georgia, shows the following facts: This suit is brought in the name of the said receiver by and for the benefit of the persons whose names are set out in Exhibit 'A' hereto attached and made a part of this petition;' and 'that the persons whose names appear in Exhibit 'A' hereto attached, the amounts opposite their respective names being the amounts of their deposits, bring this suit by the receiver by his consent for the purpose of recovering said amount of $57,913.91, with the privilege of all others similarly situated to join herein, and for the purpose of paying said depositors;' and that 'this suit is brought under the authority given and by virtue of an order of this court granted May 7, 1918, authorizing the bringing of this suit, which order is of file in this court.' The order referred to is in full as follows: 'Upon the application of W. A. Hart et al., intervening depositors in said bank, for permission and authority to bring suit against the officers and directors of said bank for negligence and mismanagement of the funds and assets of said bank, said suit is to be brought by and in the name and office of said receiver. The receiver and all parties as of record hereto consenting. It is ordered that said parties be and they are hereby granted the right and authority to file and prosecute their contemplated suit in the name and office of the receiver of said bank, by their own counsel employed by them and to be paid by them or out of the proceeds of such suits, with the proviso that they hereby assume any and all liability for court costs that said receiver

may incur by reason of filing and prosecuting said suit.'" *Held,* that under proper construction of the pleadings the suit was by the receiver.

2. In view of the answer to the first question, it is unnecessary to answer or state the second question propounded by the Court of Appeals.

*All the Justices concur.*

No. 2281. JUNE 14, 1921.

Questions certified by Court of Appeals (Case No. 11645).

*T. H. Crawford, O. R. DuPree, Pat Haralson, Morris & Hawkins,* and *Anderson & Roberts,* for plaintiffs in error.

*George F. Gober* and *H. B. Moss,* contra.